IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SCREEN MEDIA VENTURES LLC,<br><br>                      Plaintiff,<br><br>v.<br><br>RCN TELECOM SERVICES, LLC; and<br>RCN TELECOM SERVICES OF<br>MASSACHUSETTS, LLC,<br><br>                      Defendants. | Case No. 3:23-cv-23356<br><br>MOTION FOR LEAVE TO INTERVENE<br>BY PARTY OF INTEREST |

## MOTION FOR LEAVE TO INTERVENE BY PARTY OF INTEREST

    Now comes CHARLES MUSZYNSKI, pro se, ("Movant") and moves pursuant to Rule 24(a)(2) and/or Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure, for leave to intervene. In support, Movant states as follows:

    1. Plaintiffs Screen Media Ventures, LLC, ("SMV"), its owner, Chicken Soup For The Soul Entertainment, Inc., ("CSFTSE"), and its undenied yet undeclared business partner, PML Process Management Limited, ("PML"), the successor to Copyright Management Services, Ltd., allege RCN TELECOM SERVICES, LLC, and RCN TELECOM SERVICES OF MASSACHUSETTS, LLC, (both "RCN"), inter alia, committed "copyright infringement".

    2. Movant was sued in the S.D. Florida court by SMV and its partners, various other copyright trolling partners, including their lawyer/partners, Kerry Culpepper ("Culpepper") and Joel Rothman ("Rothman"), all of whom are engaged in a fee-splitting arrangement based on third-party legal funding from PML based in the Republic of Cyprus and where PML directs their partner/lawyers' cases as the concealed funding source underwriting litigation for profit of the foreign entity based on fraudulent claims by SMV and CSFTSE (among other alleged "movie companies"); together, the "Partners".

    3. Partners' filings in the instant matter lie by omission and conceal facts from the Court as they have already done in multiple other cases, See *In re: Frontier Communications Corporation, et al.*, S.D.N.Y., Case No. #20-22476-mg, Culpepper's "Notice Of Bankruptcy", Doc. #2392, and *In re: Redbox Entertainment, LLC*, D.DE Bankruptcy Court, Case No. #24-11457, the court's "Order Converting Cases From Chapter 11 to Chapter 7 Of The Bankruptcy Code And Granting Related Relief", Doc. #5.

    4. Willfully concealing the above bankruptcy filings from this Court, the copyright troll Partners allowed this Court to continue proceedings in unabated ignorance, unethically proceeding without honoring their affirmative obligation to comply with the bankruptcy's automatic stay and other prerequisites.

5. The Partners unethical filings and lies omissions are not new and appear in other courts, like the D.PR Bankruptcy Court, S.D.FL, S.D.N.Y. and D.NJ. The Partnership has willfully concealed SMV and CSFTSE filed: a) Chapter 11 bankruptcy 29 June 2024, b) Chapter 11 conversion to a Chapter 7 on 10 July 2024, c) transfer of ownership, appeal rights, and collection rights to the D.DE Bankruptcy estate and its Trustee, and d) that Rothman's and Culpepper's illegitimate, contemptuous collection actions continue in multiple U.S. Federal and foreign courts despite those rights no longer belonging to their Partnership.

6. Subsequently proven on the record by Culpepper's own statements and papers, he shows where and how he and Rothman willfully and improperly "served" Movant to obtain an unargued, default judgment in S.D. FL for approximately $15,000,000.00 on behalf of their Partnership.

7. Movant was not a U.S. citizen or resident at commencement of Partners' S.D.FL action.

8. The Partners and their various successors in interest are involved in five proceedings averse to Movant, in four courts where concealment of PML continues as does SMV's bankruptcy filings: the District of Puerto Rico, San Juan Bankruptcy Court, 1) Case No.: 23-02870, now being appealed to the First District Bankruptcy Appellate Panel in Boston in 2) Case No. #24-11 and 3) Case No. #24-14, and all three cases include, in part, the S.D. FL court judgment, 4) Case No. #21-20862, and relate to 5) Case No. #NEVHCV2022/0183 in the Eastern Caribbean High Court for the Federation of St. Christopher and Nevis.

## WHY MOVANT'S INVOLVEMENT IS NECESSARY

9. The Partnership undeniably engages in copyright racketeering mirroring that of the convicted felons, Prenda Law's partners, who operated a nearly decade-long copyright sham, similar to the Partners instant action partnering where CMS relabeled as PML to minimize risk of criminal prosecution after Prend Law's convictions.

10. The Partners' instant matter directly relates to multiple disputes between Partners and Movant and the instant matter has already provided basis for Movant's filings evidencing further the Partners' willful concealment of facts and disclosures in multiple other cases.

11. As did CMS, PML provides foreign dark-money funding sources a conduit for profiting in U.S. courts while attacking U.S. information technology infrastructure organizations through fraudulent copyright trolling schemes. PML is a non-lawyer that brazenly advertises its fee splitting scheme using alleged "copyright clients" (NPEs) claims originating from MaverickEye, U.G., a German company that conducts unlicensed "investigations" (scanning U.S. citizens' computers from Germany) to provide sham "evidence" an NPE was "damaged" by copyright infringement. The NPEs merely rent copyright "rights" as a predicate to initiate U.S. litigation to extort discovery, then "settlements" (payoffs) from victims – but never try a case or expose themselves to discovery. The victims' payoffs are split 70% / 30% between the Partners (PML, MaverickEye, U.G., and U.S. lawyers) keep 70%, and the alleged "movie companies" NPEs are paid 30% by the lawyers, respectively (see N.D.IL, E. DIV, Case No. #23-CV-16372 – a dispute between PML and its lawyer/partners when it was CMS. PML's website admits it, https://processmanagement.global),

stating (see Exhibit 1):

> "*We offer returns of 30% of net revenue (the rest is distributed to the partners working on the project, e.g. law firms and data supplier) in exchange for providing this service.*",

### WHY INTERVENTION IS PROPER

12. Granting Movant leave to intervene is proper as Movant has already discovered multiple willful omissions by the Partners in pending related cases and in the instant matter. The latest is partner Culpepper's refusal to notify multiple bankruptcy courts of a joined litigant's Chapter 11 bankruptcy filing and then notify of its subsequent conversion to a Chapter 7; see Exhibit 2.

13. Were it not for Movant's notice of the Partners cases and "legal" chicanery in multiple federal and international courts, notice would not have been made to multiple U.S. Trustees in several bankruptcy proceedings and falsehoods filed in at least three U.S. District Courts would have remained concealed.

14. Movant's Chapter 7 bankruptcy relates to and will be affected by the Partners' instant matter and that of the Partnership's successor's interests given the numerous prior mergers, acquisitions, and shifting ownerships, alter egos, and UBOs among the Partners and NPEs (of note – many of the latter are proven to be commercial UPS mailboxes).

15. The type of third-party, offshore litigation funding from dark money entities like PML (with ties to Philippine, German, and Chinese nationals) launder foreign funds to finance attacks on U.S. information technology infrastructure companies. So dangerous and fast growing their threat, the U.S. Congress' concerns have led to warning regarding U.S. national security risks (see Exhibits 3 and 4).

16. Besides dark-money funded attacks on U.S. infrastructure, the foreign entities finance unscrupulous lawyers to clog courts with fraud, filing cases without stand or true damages in order to monetize their law licenses as pettifoggers. Instead of seeking equitable justice before the law and at the expense of legitimate litigants and the system's dignity, the unethical lawyers prioritize their personal financial gain above the justice system's integrity.

WHEREFORE, Movant respectfully requests that the Court grant leave to intervene and to receive filings from the proceedings at the address below.

DATED: 31 July 2024

Respectfully submitted,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

## CERTIFICATE OF SERVICE

The undersigned states that the Motion herein was served upon the Court above by way of international courier delivery to the Court's Clerk and thereupon through the CM/ECF system to related parties upon its receipt and entry therein. This motion and certificate were submitted on the date below for delivery to the Court's physical location by Movant.

DATED: 31 July 2024

Respectfully submitted,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies